**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| LUETTE G. CLARK, | ) | NO. ED CV 12-1669-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | ) ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

///

///

---

[1] Carolyn W. Colvin, who became Acting Commissioner of Social Security as of February 14, 2013, is hereby substituted as Defendant in this matter. See Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 405(g).

**PROCEEDINGS**

Plaintiff filed a complaint on October 9, 2012, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on November 8, 2012. Plaintiff filed a motion for summary judgment on March 15, 2013. Defendant filed a motion for summary judgment on May 17, 2013. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed October 11, 2012.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former school bus driver, asserts disability since 2009, based primarily on alleged back problems (Administrative record ("A.R.") 36-56, 136-81). Plaintiff has undergone multiple surgeries on her back, including the implantation of a "stimulator" to attempt to reduce her back pain (A.R. 220, 299-306, 308-410, 493). One of Plaintiff's treating physicians, Dr. Wayne Cheng, submitted an undated, post-surgery letter, opining: "I believe this patient may take up to or more than a year to return to any type of work" (A.R. 220). On September 30, 2010, Dr. Babar Iqbal, a physician who treated Plaintiff specifically for pain management, wrote that Plaintiff's stimulator "does not relieve all of her pain, [but] it does allow her to be more comfortable in regards to her right leg pain" (A.R. 493). In the same document, Dr. Iqbal stated: "I feel it would be difficult for this patient to perform full-time work at this time due to her physical limitations. . . ." Id. Dr. Iqbal also opined on October 1,

2010, that Plaintiff likely would be absent from work more than three times each month as a result of Plaintiff's impairments or treatment (A.R. 305).

An Administrative Law Judge ("ALJ") found Plaintiff has severe degenerative disc disease that precludes the performance of her past relevant work (A.R. 20-27).  However, the ALJ also found that Plaintiff can perform certain sedentary jobs identified in the testimony of a vocational expert (A.R. 28).  The ALJ's written decision acknowledges, but rejects or discounts, Dr. Cheng's and Dr. Iqbal's arguably contrary opinions (A.R. 26).  The ALJ interpreted Dr. Cheng's opinion concerning taking "up to or more than a year to return to any type of work" as indicating Plaintiff's "condition is not permanently disabling" (A.R. 26).  The ALJ gave "little weight" to Dr. Iqbal's "difficult to perform full-time work" opinion because Dr. Iqbal "is not a vocational expert" (A.R. 26).  The ALJ also rejected Dr. Iqbal's opinion that Plaintiff would be absent from work more than three times per month (A.R. 25-26).  In doing so, the ALJ cited the "objective medical record," Plaintiff's testimony, and Plaintiff's report of good results with the stimulator (A.R. 25-26).  The Appeals Council considered voluminous additional medical evidence, but denied review (A.R. 1-3, 5-6).

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if:  (1) the Administration's findings are supported by substantial evidence; and (2) the

3

1 Administration used proper legal standards.  See Carmickle v.
2 Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,
3 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such
4 relevant evidence as a reasonable mind might accept as adequate to
5 support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401
6 (1971) (citation and quotations omitted); Widmark v. Barnhart, 454
7 F.3d 1063, 1067 (9th Cir. 2006).

9  Where, as here, the Appeals Council considered additional
10 material but denied review, the additional material becomes part of
11 the Administrative Record for purposes of the Court's analysis.  See
12 Brewes v. Commissioner, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen
13 the Appeals Council considers new evidence in deciding whether to
14 review a decision of the ALJ, that evidence becomes part of the
15 administrative record, which the district court must consider when
16 reviewing the Commissioner's final decision for substantial
17 evidence."; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452
18 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011)
19 (courts may consider evidence presented for the first time to the
20 Appeals Council "to determine whether, in light of the record as a
21 whole, the ALJ's decision was supported by substantial evidence and
22 was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th
23 Cir. 1993) ("the Appeals Council considered this information and it
24 became part of the record we are required to review as a whole"); see
25 generally 20 C.F.R. §§ 404.970(b), 416.1470(b).
26 ///
27 ///
28 ///

**DISCUSSION**

The ALJ rejected or discounted the arguably ambiguous but potentially material opinions of Plaintiff's treating physicians without stating legally sufficient reasons for doing so and without attempting to recontact the physicians. Remand is appropriate to remedy these errors.

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . . This is especially true when the opinion is that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating physician opinions). Even where the treating physician's opinions are contradicted,[2] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).

---

[2] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

1    Furthermore, "[t]he ALJ has a special duty to fully and fairly
2 develop the record and to assure that the claimant's interests are
3 considered.  This duty exists even when the claimant is represented by
4 counsel."  <u>Brown v. Heckler</u>, 713 F.2d 441, 443 (9th Cir. 1983).
5 Section 404.1512(e) of 20 C.F.R. provides that the Administration
6 "will seek additional evidence or clarification from your medical
7 source when the report from your medical source contains a conflict or
8 ambiguity that must be resolved, the report does not contain all of
9 the necessary information, or does not appear to be based on medically
10 acceptable clinical and laboratory diagnostic techniques."  <u>See</u> <u>Smolen</u>
11 <u>v. Chater</u>, 80 F.3d at 1288 ("If the ALJ thought he needed to know the
12 basis of Dr. Hoeflich's opinions in order to evaluate them, he had a
13 duty to conduct an appropriate inquiry, for example, by subpoenaing
14 the physicians or submitting further questions to them.  He could also
15 have continued the hearing to augment the record") (citations
16 omitted).

18    In the present case, the treating physician's opinions were
19 arguably ambiguous with respect to temporal scope and the doctors'
20 expressed levels of confidence.  However, the potential materiality of
21 the opinions should have impelled the ALJ to recontact the physicians.
22 <u>See</u> <u>id</u>.  The ALJ's unaided interpretation of Dr. Cheng's undated
23 opinion as tantamount to an opinion that Plaintiff's condition "is not
24 permanently disabling" may have mischaracterized the opinion and also
25 failed to address the possibility that the opinion might support a
26 closed period of disability.  <u>See</u> <u>Barnhart v. Walton</u>, 535 U.S. 212,
27 217-22 (2002) (impairment lasting or expected to last not less than 12
28 months may entitle claimant to disability benefits); <u>cf.</u> <u>Salvador v.</u>

Sullivan, 917 F.2d 13, 15 (9th Cir. 1990) (implicit rejection of treating physician's opinion cannot satisfy Administration's obligation to set forth "specific, legitimate reasons"). Dr. Iqbal's September 30, 2010 opinion that "I feel it would be difficult for this patient to perform full-time work at this time" is also arguably ambiguous. Again, the temporal scope of the opinion is uncertain. Further, Dr. Iqbal may or may not have intended the word "difficult" to mean "impossible." The ALJ should have recontacted Dr. Iqbal for clarification. The ALJ's rejection of this opinion on the sole stated ground that a physician "is not a vocational expert" was error. See Rodriguez v. Bowen, 876 F.2d at 762 n.7 ("We do not draw a distinction between a medical opinion as to a physical condition and a medical opinion on the ultimate issue of disability"); accord Embrey v. Bowen, 849 F.2d at 420-22 (ALJ erred by rejecting one doctor's opinion that the claimant was "unemployable" and another doctor's opinion that the claimant was "disabled" without stating specific, legitimate reasons for doing so).

The ALJ also should not have rejected Dr. Iqbal's somewhat cryptic October 1, 2010 opinion without recontacting the doctor. Although the ALJ stated some reasons for rejecting this opinion, the stated reasons are legally insufficient. The ALJ's reference to "the objective medical evidence" is impermissibly vague and unspecific. See, e.g., McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice); Embrey v. Bowen, 849 F.2d at 421 ("To say that the medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by

the objective findings does not achieve the level of specificity our prior cases have required. . . ."). The ALJ appeared to suggest that Plaintiff's "own testimony" contradicted Dr. Iqbal's opinion, but Plaintiff never testified she could work at a full-time job without missing three or more work days each month. To the contrary, Plaintiff testified that she experiences 10 to 12 days each month during which she assertedly has to lie down 4 to 6 hours per day (A.R. 51-52).[3] The ALJ cited Plaintiff's report of good results with the stimulator, but presumably Dr. Iqbal (who was treating Plaintiff for pain) was well aware of what Plaintiff had reported in that regard. The ALJ should give Dr. Iqbal the opportunity to address any perceived

///
///
///
///
///

---

[3] At one point, the ALJ asked Plaintiff, "Do you see any reason why you couldn't do the surveillance system monitor work or the assembler job?" to which Plaintiff responded "I suppose I could do it. I mean, I could try" (A.R. 58). In context, the Court does not construe Plaintiff's answer as an admission of a work capacity contradicting Plaintiff's other testimony regarding her alleged limitations. Cf. Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005) (rejecting suggestion that disability claimant's seeking of employment constituted an admission the claimant had no severe impairment; "That Webb sought employment suggests no more than that he was doing his utmost, in spite of his health, to support himself"); Schena v. Secretary, 635 F.2d 15, 18 (1st Cir. 1980) ("it was a mistake" for the ALJ to equate a claimant's willingness to try to work with an admission of a capacity to work).

discrepancy between the doctor's opinion and Plaintiff's report.[4]

The Court is unable to conclude that the ALJ's errors were harmless. It is presently unknown how the treating physicians will clarify their ambiguous opinions, or how the Administration will receive and weigh those opinions on remand. The opinions may well change the disability calculus. For example, if the Administration were to accept an opinion that Plaintiff's impairment would cause her to be absent from work more than three days each month, such limitation would have to be incorporated into the hypothetical question posed to the vocational expert. See Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012) (the missing of two to four days of work per month should have been incorporated into the ALJ's hypothetical question to the vocational expert; remand required); DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991) (for the vocational expert's testimony to constitute substantial evidence, the hypothetical question posed to the expert must "set out all of the claimant's impairments").

---

[4] Defendant asserts that "[n]one of the doctors that considered Plaintiff's alleged impairments agreed on the extent of her limitations" (Defendant's motion at 3). Defendant then cites a case purportedly standing for the proposition that "the contrary opinions of other doctors constitute a specific and legitimate reason for discount a treating physician's opinion" (Defendant's motion at 3-4). However, the contradiction of a treating physician's opinion by another physician's opinion triggers rather than satisfies the requirements of stating "specific, legitimate reasons." See, e.g., Valentine v. Commissioner, 574 F.3d 685, 692 (9th Cir. 2009); Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007); Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); see also Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (the court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision").

1  Because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances).[5]

///
///
///
///
///
///
///
///

---

[5] The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a different result herein. In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman at 1178 (citations and quotations omitted). Assuming, arguendo, the Harman holding survives the Supreme Court's decision in INS v. Ventura, 537 U.S. at 16, the Harman holding does not direct a benefits award in the present case. There are outstanding issues concerning the treating physicians' opinions that must be resolved before a determination of disability can be made. Moreover, it is not clear that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability if the treating physicians' opinions were fully credited. See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010) (remand appropriate where the improperly rejected treating physician opinion failed to identify a disability onset date).

## CONCLUSION

For all of the foregoing reasons,[6] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 21, 2013.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.